UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 1:23-CV-00159 SNLJ |
| | ) |
| BILL STAIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Robert Ross, an inmate at Potosi Correctional Center (PCC), for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $68.05. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his administrative remedies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $340.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $68.05, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

2

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On September 18, 2023, plaintiff filed the instant action brought pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights while incarcerated at Potosi Correctional Center in Mineral Point, Missouri. Plaintiff names as defendants: Bill Stain (Warden); Latonia Young-Griffin (Assistant Warden)[1]; Caitlin Douglas (Correctional Officer); Lorien Armstrong (Functional Unit Manager); Cliffton Cossey[2] (Functional Unit Manager); Brian Hoskage (Correctional Officer); Jason Lewis (Deputy Division Director, Missouri Department of Corrections (MDOC)); Cynthia Reese (Mental Health Chief); and Ann Precythe (Director, MDOC). Plaintiff sues defendants in their official and individual capacities.

---

[1] Plaintiff has failed to make any allegations against this defendant in his complaint. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger,* 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. See *Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Because no facts were alleged against defendant Latonia Young-Griffin, she will be dismissed from this action.

[2] The docket identifies this defendant with his last name first. The Court will instruct the Clerk to correct the docket.

Although his complaint is written on a court-form, plaintiff's allegations are somewhat hard to discern. It appears that plaintiff was placed in Administrative/Punitive Segregation after several altercations with staff. *See, e.g., Ross v. Carver,* No. 4:19-CV-2971 SNLJ (E.D. Mo.) (ongoing lawsuit relating to plaintiff's claims of excessive force incident which purportedly occurred at Eastern Reception Diagnostic Correctional Center (ERDCC)) and *Ross v. Teabo*, No. 4:20-CV-447 SEP (E.D.Mo.) (case in which plaintiff alleged assault by correctional staff at ERDCC). In *Ross v. Carver*, this Court noted, after review of the record on summary judgment, that "[p]laintiff has a history of feigning emergencies and engaging in assaultive behavior towards prison staff." *Ross v. Carver*, No. 4:19-CV-2971 SNLJ (E.D. Mo.), Docket No. 83, pp. 2-3.

In this action, plaintiff alleges that he has "mental health issues" known to Anne Precythe, Jason Lewis, Bill Stain, Cynthia Reese, Lorien Armstrong, and Cliffton Cossey. Plaintiff, however, does not indicate how these individuals purportedly became aware of his mental health issues, nor does he articulate exactly what those issues are.[3] He claims that it is cruel for these individuals to place him in Administrative Segregation/Punitive Segregation given that they have knowledge of his mental health issues and prior declarations of "self-harm." Plaintiff also laments that he is oftentimes subject to "assault" and "use of force" by correctional officers at various MDOC facilities he has been housed at, including PCC, Southeast Correctional Center (SECC), ERDCC and Jefferson City Correctional Center (JCCC). Plaintiff believes defendants Precythe, Lewis, Stain, Reese, Armstrong and Cossey have a duty to protect him from the various correctional officers who have engaged in what he refers to as unlawful or "excessive force."

---

[3]Although plaintiff states that Lewis receives copies of documents relating to "use of force" and he has written Precythe letters, there is indication that either defendant has any knowledge of plaintiff's mental state or what his psychological diagnosis is. In his motion for appointment of counsel, ECF No. 4, plaintiff claims he has a MH 3 diagnosis, but the Court is unfamiliar with such a diagnosis and cannot find a reference to it in the *Diagnostic and Statistical Manual of Mental Disorders – DSM-5*.

Plaintiff details two instances of what he terms "assault" and "excessive force" in his complaint.[4] He asserts that on or about November of 2022, while he was incarcerated at Southeast Correctional Center (SECC), Officer Caitlin Douglas pepper sprayed him "with no cause." Plaintiff does not provide any detailed information surrounding this incident.

Plaintiff additionally describes that on May 3, 2023, at presumably PCC, Officer Brian Hoskage "responded for a use of force" when plaintiff was displaying "disruptive behavior." Plaintiff attempts to assert that his "disruptive behavior" was due to a "mental crisis," but he does not provide any details as to what this alleged crisis entailed. Additionally, he acknowledges that it took a whole "response team" to restrain him, even though he claims that he had "no resistance" to being restrained. Although he claims that he was punched and kicked during the incident, he does not specifically indicate what exactly Hoskage did to violate his rights.

Plaintiff's attempt to add two separate "excessive force" claims in this lawsuit, in addition to his claims of "failure to protect," indicates that plaintiff is endeavoring to bring unrelated claims in the same lawsuit in direct contravention of the joinder rules. Such pleading practice is not allowed, especially in prisoner cases where litigants may be trying to avoid paying separate filing fees. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

---

[4]Plaintiff's use of the words "assault" and "excessive force" amount to legal conclusions, which the Court is not required to accept as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level.").

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

In other words, "[c]laim A against Defendant 1 should not be joined with unrelated Claim B against defendant 2." *George*, 507 F.3d at 607.

Federal Rule of Civil Procedure 21 permits severance of claims if they are improperly joined. The rule states, in pertinent part, that on motion or *sua sponte,* "the court may at any time, on just terms ... sever any claim against a party." Fed.R.Civ.P.21. Severance is appropriate when the claims are "discrete and separate," each capable of resolution without dependence or effect on the other. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citations omitted). In this case, plaintiff's two "excessive force" claims are improperly joined, and they will be severed and dismissed in accordance with Federal Rule of Civil Procedure 21. Plaintiff may, of course, bring separate lawsuits related to these events after he has exhausted his administrative remedies with respect to his claims.

In his request for relief, plaintiff seeks approximately two million dollars.[5]

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[5] The Court takes judicial notice that in the section of the form complaint titled, 'Exhaustion of Administrative Remedies/Administrative Procedures,' plaintiff indicates that although he filed a grievance relative to the facts in his complaint, his grievance is "still in process." He states that he "filed at [Southeast Correctional Center] with classification pertaining to not having proper care." However, "here at Potosi on mental health not entering IRR in computer."

6

exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in his complaint although he filed a grievance relative to the facts in his complaint, his grievance is "still in process." He states that he "filed at [SECC] with classification pertaining to not having proper care." However, "here at Potosi on mental health not entering IRR in computer."  Thus, it does not appear that plaintiff has pursued his Internal Resolution Request (IRR) through all the steps of the grievance process. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action.* In so doing, plaintiff should set forth the dates he filed his IRRs, grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s). Plaintiff should also attach copies of his IRRs, grievance, grievance appeal, and any written responses. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents.

If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 4]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the proper name of Cliffton Cossey.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $68.05 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 21, plaintiff's claims against the following defendants are **SEVERED AND DISMISSED DUE TO IMPROPER JOINDER**: plaintiff's claims for "excessive force" or "assault" against defendants Caitlin Douglas and/or Brian Hoskage.

**IT IS FURTHER ORDERED** that the Court shall not issue process or cause process to issue against defendant Latonia Young-Griffin because plaintiff has not made any allegations against this defendant in his complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust her prison remedies prior to filing this action. Plaintiff must include in her show cause response the dates her IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE