UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:23-CV-00159 SNLJ |
| | ) |
| BILL STAIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration of the assessment of the partial filing fee. After review of plaintiff's arguments, the Court will lower the initial partial filing fee in this matter to $1.00. Additionally, the Clerk will be instructed to provide plaintiff a copy of his complaint to assist plaintiff in responding to the Court's January 11, 2024 Memorandum and Order. [ECF No. 1]. Plaintiff's response will be due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order.

**A. Plaintiff's Request to Lower the Initial Partial Filing Fee**

Plaintiff contests paying the assessment of the initial partial filing fee of $68.05, which is 20 percent of plaintiff's average monthly deposit from the past six months according to his prison account statement provided to the Court on September 14, 2023. [ECF No. 3]. He claims that the Court should not count in his average monthly deposit the stimulus check added to his account on August 1, 2023, that was immediately removed from his account on August 2, 2023, to pay for restitution in his criminal case. In support of his argument, plaintiff claims that he only receives the state tip of $7.50 per month, which allows him to buy such necessities as toothpaste, soap, envelopes, stamps and pens. Moreover, currently plaintiff's average account balance is $.05. As such, for good cause shown, the Court will assess an initial partial filing fee of $1.00 in this matter.

*See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If plaintiff is unable to pay this initial partial filing fee within twenty-one (21) days, he is required to submit a new account statement showing concrete evidence of his inability to pay.

**B. Plaintiff's Failure to Exhaust His Administrative Remedies**

In the Memorandum and Order issued on January 11, 2024, the Court noted that it appeared plaintiff had failed to exhaust his administrative remedies prior to bringing his lawsuit. The Court found that under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicated in his complaint although he filed a grievance relative to the facts in his complaint, his grievance is "still in process." He stated that he "filed at [SECC] with classification pertaining to not having proper care." However, "here at Potosi on mental health not entering IRR in computer." Thus, the Court noted, it did not appear that plaintiff had pursued his Internal Resolution Request (IRR) through all the steps of the grievance process. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff

2

indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

As a result, the Court required plaintiff to show cause, within twenty-one (21) days of the date of the Memorandum and Order, why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action.* Plaintiff was instructed to respond in writing to the Court, and in doing so, plaintiff was required to set forth the dates he filed his IRRs, grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s). Plaintiff was also required to attach copies of his IRRs, grievance, grievance appeal, and any written responses.

In his motion before the Court, plaintiff indicates that he is currently on "limited property" status, and that an unknown person took his information related to the instant case and "threw it away." He asks for a copy of his complaint to be provided to him, ECF No. 1, and he reports that the Court's Order was not provided to him by correctional officers until six days after the receipt of the Memorandum and Order. As a result, the Clerk will be instructed to provide plaintiff a copy of the complaint, and plaintiff will be instructed to respond to the Court's January 11, 2024 Memorandum and Order no later than twenty-one (21) days from the date of the current Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the initial partial filing fee [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of his

3

complaint. [ECF No. 1].

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 24th day of January, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE