UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-CV-00159 SNLJ |
| | ) |
| BILL STAIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motion for extension of time to recover documents filed with the complaint, as well as his motion to amend his complaint. After review of the record, the Court will deny plaintiff's request to recover documents as moot as there are no additional documents to provide plaintiff. Moreover, the Court will deny plaintiff's request for extension of time for lack of good cause, as he has not identified what documents he is seeking (which necessitates his motion for extension of time) or from where. Plaintiff's motion to amend his complaint will also be denied at this time.

### Background

Plaintiff Robert Ross, an inmate at Potosi Correctional Center (PCC), filed the instant action on September 18, 2023, alleging violations of his civil rights at both Southeast Correctional Center (SECC) and PCC. Plaintiff named ten (10) defendants in this case. Because plaintiff was a prisoner and proceeding in forma pauperis, *see* 28 U.S.C. § 1915, the Court reviewed plaintiff's complaint on January 11, 2024, for frivolousness, maliciousness and for failure to state a claim and assessed an initial partial filing fee of $68.05. Noting that plaintiff had improperly joined several claims in violation of Federal Rules of Civil Procedure 18 and 20, the Court severed and

dismissed plaintiff's claims for "excessive force" and/or "assault" against defendants Caitlin Douglas and/or Brian Hoskage. *See* Fed.R.Civ.P.21. Defendant Latonia Young-Griffin was also dismissed from this action on January 11, 2024, because plaintiff had failed to make any allegations against her.

In the Memorandum and Order issued on January 11, 2024, the Court also provided plaintiff twenty-one (21) days to show cause why his action should not be dismissed due to his failure to exhaust his administrative remedies with respect to his remaining claims. *See Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory"). Plaintiff's motion for appointment of counsel was denied at that time.

On January 22, 2024, plaintiff moved for reconsideration of the initial partial filing fee of $68.05. Plaintiff also sought a copy of his complaint in this matter. On January 24, 2024, the Court ordered the Clerk to provide plaintiff with a copy of his complaint, lowered the initial partial filing fee to $1.00 and extended the time in which plaintiff was required to respond to the Order to Show Cause until twenty-one (21) days from the date of that Memorandum and Order. In other words, plaintiff's response to the Court's Order to Show Cause why this matter should not be dismissed due to plaintiff's failure to exhaust his administrative remedies was extended to February 14, 2024.

**Discussion**

On February 1, 2024, the Court received two motions from plaintiff. The first motion was a request for "extension of time" to "recover all documents with 1983 form which were filed with complaint." Plaintiff stated in his motion that because the staff lost his original documents on

2

January 1, 2024, he "will need and like for every document to be resent to [him] so [he] can better reply to motions or deadlines…" The Court, however, sent plaintiff a copy of his complaint on January 24, 2024. Additionally, the Court does not believe that his motion for appointment of counsel or prison account statement, which are the only other documents plaintiff has provided to the Court, would assist him in responding to the Court's January 11, 2024 Order to Show Cause as to exhaustion of his administrative remedies. As such, because there are no documents responsive to his request, the Court will deny his request for documents. Plaintiff does not indicate he needs additional time to gather documents from other sources, nor does he indicate what documents he is seeking from other sources, as such, his request for extension of time will also be denied.

Plaintiff has also filed a document titled, "Motion to Amend Complaint." In his motion he asks that the Court allow him to amend his complaint to "properly resubmit the entire filing which better fits my complaint." Plaintiff states he seeks to "join defendants" and "explain and give reasons of facts." He also argues that everything "does fit into one case due to lack of evidence and the difficulties for me to receive proper information."[1] Because plaintiff has not submitted an amended complaint on a Court-provided form as an attachment to his motion to amend, the Court must deny his motion. *See Clayton v. White Hall School Dist*., 778 F.2d 457, 460 (8th Cir. 1985) (to obtain leave to file an amended complaint the party must attach the form with the motion); *see also Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). The Court will instruct the Clerk to provide plaintiff a Court-form for filing a new complaint if he wishes to do so.

---

[1]The Court has already made a finding that plaintiff's claims were improperly joined. Thus, if plaintiff wishes to bring his claims in this Court, he needs to file a separate action for the severed claims.

3

To the extent plaintiff is seeking reconsideration of the Court's January 11, 2024 Memorandum and Order, in which the Court found two defendants (and two claims) were subject to dismissal as improperly joined,[2] the Court will decline to alter or amend the judgment of this Court. Plaintiff fails to point to any manifest errors of law or fact, or any newly discovered evidence as a basis for reconsideration. As such, any request for reconsideration of the Order of Partial Dismissal would be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for copies of documents [ECF No. 10] is **DENIED AS MOOT** as there are no additional documents in the record to provide to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to recover documents [ECF No. 10] is **DENIED AT THIS TIME for lack of good cause shown**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint without a supporting amended complaint on a Court-provided form [ECF No. 11] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a Court-form for filing a prisoner civil rights action. The Clerk shall also provide plaintiff a copy of the Court's docket sheet in this matter.

Dated this 5th day of February, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]As noted above, an additional defendant was dismissed on January 11, 2024, due to plaintiff's failure to set forth allegations against that defendant.