## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

ROBERT ROSS,                    )
                                )
        Plaintiff,              )
                                )
vs.                             )        Case No. 1:23-CV-00159 SNLJ
                                )
BILL STAIN, et al.,             )
                                )
        Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Robert Ross' amended complaint. *See* ECF No. 15. For the reasons discussed below, the Court will dismiss plaintiff's amended complaint based on his failure to exhaust his administrative remedies.

### Background and Initial Complaint

Plaintiff, an inmate at Potosi Correctional Center (PCC), filed the instant action on September 14, 2023, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. [ECF No. 1]. In his initial complaint, plaintiff named nine defendants: Bill Stain (Warden, Southeast Correctional Center (SECC))[1]; Latonia Young-Griffin (Assistant Warden, SECC); Caitlin Douglas (Correctional Officer, SECC); Lorien Armstrong (Functional Unit Manager, SECC); Cliffton Cossey (Functional Unit Manager, SECC); Brian Hoskage (Correctional Officer, SECC); Jason Lewis (Deputy Division Director, Missouri Department of Corrections (MDOC)); Cynthia Reese (Mental Health Chief, MDOC); and Ann Precythe (Director, MDOC).

In plaintiff's initial complaint, he argued that he was placed in Administrative/Punitive Segregation after several altercations with staff. *See, e.g., Ross v. Carver,* No. 4:19-CV-2971 SNLJ

---

[1]It is unclear if plaintiff is referring to Bill Stange, the Warden of Southeast Correctional Center (SECC), or a different individual. For ease of reference, the Court will refer to this defendant as plaintiff refers to him, as Bill Stain.

(E.D. Mo.) (lawsuit relating to plaintiff's claims of excessive force which purportedly occurred at Eastern Reception Diagnostic Correctional Center (ERDCC)). *See also Ross v. Teabo*, No. 4:20-CV-447 SEP (E.D.Mo.) (case in which plaintiff was allegedly assault by correctional staff at ERDCC).

In *Ross v. Carver*, this Court noted, after review of the record on summary judgment, that "[p]laintiff has a history of feigning emergencies and engaging in assaultive behavior towards prison staff." *Ross v. Carver*, No. 4:19-CV-2971 SNLJ (E.D. Mo.), Docket No. 83, pp. 2-3. In making this assertion, the Court was referring to plaintiff's deposition testimony, provided in support of defendants' motion for summary judgment, in which he admitted that he routinely took on movement teams and assaulted guards, as well as faked medical emergencies. *Ross v. Carver*, No. 4:19-CV-2971 SNLJ (E.D. Mo.), Docket No. 68-2.

In the complaint in this action, plaintiff alleged that he had an undisclosed "mental illness" known to Ann Precythe, Jason Lewis, Bill Stain, Cynthia Reese, Lorien Armstrong, and Cliffton Cossey. Plaintiff, however, failed to indicate how these individuals purportedly became aware of his purported mental illness, and he failed to state exactly what his mental illness entailed.[2] Nonetheless, plaintiff claimed that it was cruel for these individuals to place him in Administrative Segregation/Punitive Segregation at PCC given that they had knowledge of his mental health issues and prior declarations of "self-harm."

Plaintiff also lamented that he was oftentimes subject to "assault" and "use of force" by correctional officers at the various MDOC facilities he was housed at, including PCC, SECC,

---

[2]Although plaintiff stated that defendant Lewis received copies of documents relating to an alleged "use of force" and he had written defendant Precythe letters, there was no indication that either defendant had knowledge of plaintiff's mental state or what his psychological diagnosis was. In his motion for appointment of counsel, ECF No. 4, plaintiff claimed he had a MH 3 diagnosis, but the Court is unfamiliar with such a diagnosis and cannot find a reference to it in the *Diagnostic and Statistical Manual of Mental Disorders – DSM-5*.

ERDCC and Jefferson City Correctional Center (JCCC). Plaintiff claimed that defendants Precythe, Lewis, Stain, Reese, Armstrong and Cossey had a duty to protect him from the various correctional officers who engaged in what he referred to as unlawful or "excessive force." Plaintiff detailed two instances of what he called "assault" and "excessive force" in his complaint.[3] He asserted that on or about November of 2022, while he was incarcerated at SECC, Officer Caitlin Douglas pepper sprayed him without cause. Plaintiff, however, failed to provide detailed information about this incident in his complaint.

Plaintiff additionally described that on May 3, 2023, at presumably SECC, Officer Brian Hoskage responded with force when he was displaying "disruptive behavior." Plaintiff attempted to assert that his "disruptive behavior" was due to a "mental crisis," but he failed to provide any details as to what this alleged crisis entailed. Additionally, he acknowledged that it took a whole "response team" to restrain him, even though he claimed that he had "no resistance" to being restrained. Although he claimed that he was punched and kicked during the incident, he failed to specifically indicate what exactly defendant Hoskage did, rather than the rest of the response team, to violate his rights during the incident.

Because plaintiff sought to add two separate excessive force claims in his lawsuit, in addition to claims of failure to protect, on January 11, 2024, the Court issued a Memorandum and Order finding that plaintiff was attempting to join unrelated claims in direct contravention of the Federal joinder rules. [ECF Nos. 6 and 7]. The Court found that such pleading practices are not allowed, especially in prisoner cases where litigants may be trying to avoid paying separate filing

---

[3]Plaintiff's use of the words "assault" and "excessive force" amount to legal conclusions, which the Court is not required to accept as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level.").

3

fees. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). *See* Fed. R.Civ.P. 18 and 20.

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, pursuant to Federal Rule of Civil Procedure 21, on January 11, 2024, the Court severed and dismissed plaintiff's claims for excessive force and/or assault against defendants Caitlin Douglas and Brian Hoskage. The Court also dismissed all claims against defendant Latonia Young-Griffin because plaintiff failed to make any allegations against this defendant in his complaint. *See Frederick v. Motsinger,* 873 F.3d 641, 646 (8th Cir. 2017) and *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("[g]overnment officials are personally liable only for their own misconduct"). Additionally, as noted *infra*, because plaintiff failed to indicate that he had properly exhausted his administrative remedies with respect to his claims, the Court ordered plaintiff to show cause as to why this action should not be dismissed. Plaintiff was given twenty-one (21) days to respond to the Court's Memorandum and Order.

### Amended Complaint

Rather than file a timely response to the Order to Show Cause, plaintiff filed a motion to amend the complaint in this matter on February 16, 2024. [ECF No. 13]. The Court granted the motion to amend by docket text order on June 27, 2024, and the amended complaint was docketed on June 27, 2024. *See* Docket Nos. 14 and 15. Plaintiff failed to address the issue of exhaustion of his administrative remedies.

In his amended complaint, plaintiff once again names the following nine (9) individuals as defendants in this action: Bill Stain (Warden); Latonia Young-Griffin (Assistant Warden); Caitlin Douglas (Correctional Officer); Lorien Armstrong (Functional Unit Manager); Cliffton Cossey (Functional Unit Manager); Brian Hoskage (Correctional Officer); Jason Lewis (Deputy Division Director, Missouri Department of Corrections (MDOC)); and Ann Precythe (Director, MDOC).

Plaintiff raises essentially the same claims in his amended complaint as those he raised in his original complaint. Namely, plaintiff asserts that defendant Bill Stain, the Warden of SECC, in May of 2023, kept him in Administrative Segregation even though he had knowledge that plaintiff had some sort of a mental health issue. Plaintiff claims that defendant Young-Griffin is "aware of excessive force complaints and the unjustified long-term Ad-Seg confinement with terms of cruel treatments to [his] mental health conditions." Similarly, plaintiff alleges that defendant Jason Lewis has signed off on plaintiff's denial of excessive force Internal Resolution Requests (IRRs) and his Administrative Segregation stays, while defendant Caitlin Douglas, in November of 2022 utilized excessive force against him during a "mental health crisis." Plaintiff also alleges that defendant Brian Hoskage used excessive force against him in May of 2023, while defendants Lorien Armstrong and Clifton Cossey were involved in his Classification Hearings relating to his conduct violations at various points in time. Last, defendant Ann Precythe oversees the MDOC prisons; thus, plaintiff appears to assert that Precythe should have supervisory culpability.

Although plaintiff has again improperly joined several claims in this lawsuit, see Fed.R.Civ.P. 18 and 20, the Court will not take the time to sever the claims pursuant to Federal Rule of Civil Procedure 21. Instead, the Court will dismiss this action as a result of plaintiff's failure to properly exhaust his administrative remedies with respect to his claims.

**Discussion**

**A. Failure to Exhaust Administrative Remedies**

On January 11, 2024, the Court issued an Order to Show Cause requiring plaintiff to indicate whether he had properly exhausted his administrative remedies prior to filing the instant lawsuit.[4] [ECF No. 6]. In the Order, the Court noted that under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 under this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff indicated in his complaint that he had not filed an IRR or grievance *relative to his allegations in the complaint*.[5] Rather, he indicated that he may have filed a grievance relating to "not having adequate care provided to [him]." However, there is no indication that he filed a grievance relative to the issues enumerated in the complaint or amended complaint. Additionally, plaintiff indicates in his complaint and his amended complaint that the grievance he did file is "still in process." *Id.* He states that he "filed at [SECC] with classification pertaining to not having proper care." However, "here at Potosi on mental health not entering IRR in computer." Thus, it does not appear that plaintiff has pursued his IRR through all the steps of the grievance process. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

---

[4]Plaintiff was again ordered to show cause on January 24, 2024. *See* ECF No. 9.

[5]Plaintiff indicates in his complaint although he filed a grievance relative to the facts in his complaint, his grievance is "still in process." He states that he "filed at [SECC] with classification pertaining to not having proper care." However, "here at Potosi on mental health not entering IRR in computer." Thus, it does not appear that plaintiff has pursued his Internal Resolution Request (IRR) through all the steps of the grievance process. *See Irving*, 2020 WL 5491689.

Plaintiff was given until February 14, 2024, to show cause why his complaint should not be dismissed for failure to fully exhaust his prison remedies prior to filing the instant action. He has failed to file a response brief. Instead, on February 16, 2024, plaintiff filed a motion to amend his complaint. [ECF No. 13]. Although the Court granted plaintiff's motion to amend his complaint, the Court notes that plaintiff has once again indicated in his amended pleading that he is "still in process" of going through the steps of his grievances. *See* ECF No. 15, p. 14. He indicates that he "filed a grievance heard nothing back." *Id.* at 15.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for dismissal under failure to state a claim for relief when the allegations in the complaint sufficiently establish that ground). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies *prior to filing a complaint in Federal Court. Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted) (emphasis added); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

The Eighth Circuit has recognized that an inmate must exhaust administrative remedies before filing suit and has instructed that district courts must look to the *time of filing*, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson*, 340 F.3d at 627. "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.* While it is true that inmates are excused from exhausting administrative remedies when prison officials prevent them from using the procedures, or when the officials themselves fail to comply with the procedures, *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005), plaintiff has not alleged that is what occurred in this instance. In fact, plaintiff has failed to respond to the Court's Order to Show Cause relative to the exhaustion issue. Thus, plaintiff has not presented any information relative to his failure to exhaust, except to say in his complaint and amended complaint that he has failed to do so. As such, dismissal is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Johnson*, 340 F.3d at 627.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) due to his failure to exhaust his administrative remedies with respect to his claims prior to suing.

**IT IS FURTHER ORDERED** that a dismissal of this action would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this _11th_ day of July, 2024.

STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE

8